UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

STANLEY SNEAD,

      Plaintiff,

                                 Case No.: 4:15-CV-325

                                 On removal from the Circuit Court of the
                                 Second Judicial Circuit, In and for Leon
                                 County, Florida, Case No. 2015-CA-000835

vs.

FLORIDA AGRICULTURAL
& MECHANICAL UNIVERSITY
BOARD OF TRUSTEES

      Defendant.

_____/

## DEFENDANT'S NOTICE OF REMOVAL

The Defendant, FLORIDA AGRICULTURAL & MECHANICAL UNIVERSITY BOARD OF TRUSTEES, pursuant to 28 U.S.C. § 1441, et seq, and 1446, and Local Rules 3.1(B) and 7.2 of the United States Court for the Northern District of Florida, hereby gives notice of the removal of an action pending in the Circuit Court of the Second Judicial Circuit, in and for Leon County, Florida, and in support of the removal, states the following:

    1.      Defendant desires to exercise its right under the provisions of Title 28 U.S.C. § 1441, et seq., to remove this action from the Circuit Court of the Second Judicial Circuit in and for Leon County, Florida, where it is now pending under the name and style of *Stanley Snead v. Florida Agricultural & Mechanical University Board of Trustees, Case No. 2015-CA-000835* (hereinafter referred to as the Circuit Court Action). The Circuit Court Action is of a civil nature over which the United States district courts have been given original jurisdiction and which may be promptly removed. See 28 U.S.C. §§ 1331 and 1441. Specifically, Plaintiff's claim for damages includes alleged violations under Title VII, 42 U.S.C. §200e, et seq., and 42 U.S.C.

§1981, under 42 U.S.C. §12101, and under 29 U.S.C. §621-634 and §701.   See Exhibit A, Plaintiff's Complaint at ¶¶ 60, 65, 70, 75 and 88.

2.   Under the provisions of 28 U.S.C. § 1441, et seq., Defendant has the right to remove this cause from the Circuit Court Action to the United States District Court for the Northern District of Florida, Tallahassee Division, the district and division in which the action is currently pending.

3.   Plaintiff served the summons and complaint upon Florida Agricultural & Mechanical University Board of Trustees on June 8, 2015.  In accordance with the requirements of 28 U.S.C. § 1446, this petition for removal is filed within 30 days after receipt of the initial pleading by the Defendant through service of the summons and complaint.

4.   Pursuant to 28 U.S.C. § 1446(a), Defendant has filed with this Notice of Removal, true and legible copies of Plaintiff's Complaint and all process, pleadings or orders on file in the state court as of the date of this Notice of Removal, including copies of the following documents served upon it or which have been filed in the Circuit Court Action:

(a)   Plaintiff's Complaint is attached hereto as Exhibit A.

(b)   The summons that have been served on the Defendant at the time of this filing are attached hereto as Exhibit B.

(c)   Notice of Appearance on behalf of the Defendant by Henry Buchanan, P.A. served on June 18, 2015, is attached hereto as Exhibit C.

5.   As set forth herein, the Defendant desires and is entitled to have this cause removed from the Circuit Court of the Second Judicial Circuit in and for Leon County, Florida, to the United States District Court for the Northern District of Florida, Tallahassee Division, such being the district where suit is currently pending.

6.     Written notice of the filing of this petition will be given to the adverse party as required by law.

7.     A true copy of this petition will also be filed with the Clerk of the Circuit Court of the Second Judicial Circuit in and for Leon County, Florida, as required by law.

WHEREFORE, Defendant, FLORIDA AGRICULTURAL & MECHANICAL UNIVERSITY BOARD OF TRUSTEES, prays that this action be removed to this Court and that this Court accept jurisdiction and, henceforth, that this action be placed on the docket of this Court for further proceedings, the same as though this action had been originally instituted in this Court.

Dated this 26th day of June, 2015.

HENRY BUCHANAN, P.A.

/s/ Joseph V. Gardner
J. STEVEN CARTER
Florida Bar No. 896152
scarter@henryblaw.com
JOSEPH V. GARDNER
Florida Bar No. 111987
jgardner@henryblaw.com
Post Office Drawer 14079
Tallahassee, Florida 32317-4079
(850) 222-2920: Telephone
(850) 224-0034: Facsimile
Attorneys for Defendant

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been electronically filed via the CM/ECF system and furnished via electronic mail to: Melissa Horowitz, Esw., LAW OFFICE OF RICHARD E. JOHNSON, (melissah@nettally.com and richard@nettally.com), on this the 26th day of June, 2015.

/s/Joseph V. Gardner
Attorney

# Exhibit A

to

**DEFENDANTS' NOTICE OF REMOVAL**

# Plaintiff's Complaint

STANLEY SNEAD v. FLORIDA AGRICULTURAL AND MECHANICAL UNIVERSITY
BOARD OF TRUSTEES
USDC CASE NO:   4:15 - CV - 325

IN THE CIRCUIT COURT OF THE SECOND JUDICIAL CIRCUIT
IN AND FOR LEON COUNTY, FLORIDA
CIRCUIT CIVIL


STANLEY SNEAD,

                 **Plaintiff,**

v.

                                              CASE NO.:

FLORIDA AGRICULTURAL & MECHANICAL
UNIVERSITY BOARD OF TRUSTEES,

                 **Defendant.**

_____/

## COMPLAINT

Plaintiff sues Defendant and states:

### JURISDICTION and VENUE

1.     This is an action for damages in excess of $15,000.00.

2.     Plaintiff, Stanley Snead (hereinafter "Snead" or "Plaintiff"), is a male citizen of the United States and a resident of Leon County, Florida, and has so resided at the times material hereto.

3.     Defendant Florida Agricultural and Mechanical University Board of Trustees (hereinafter "FAMU" or "Defendant") is a state university in the Florida university system at the times material hereto.


### CONDITIONS PRECEDENT

4.     Plaintiff has satisfied all conditions precedent. Plaintiff filed a charge jointly with the Equal Employment Opportunity Commission (EEOC) and the Florida

Commission on Human Relations (FCHR). Plaintiff did not receive a determination after 180 days and requested a right to sue letter from the Department of Justice, which he received.

## STATEMENT OF FACTS

5.  Plaintiff worked as a Police Officer at the main campus of Florida Agricultural and Mechanical University ("FAMU") in Tallahassee, Leon County, Florida, from May of 2005 until December 2013.

6.  Plaintiff's assignment was fleet management.

7.  Plaintiff's normal work hours were during the daytime and for eight-hour shifts.

8.  In June 2013, Terence Calloway became the Chief of Police at FAMU.

9.  In mid-August 2013, Chief Calloway started assigning sworn officers to 12-hour shifts.

10. Plaintiff worked the 12-hour shifts as assigned.

11. In mid-October 2013, Plaintiff started having complications with controlling his blood pressure.

12. Plaintiff's blood pressure numbers were consistent with having a stroke.

13. Plaintiff saw his doctor and was placed on medical leave until he could get control of his blood pressure.

14. Plaintiff's doctor believed that the rise in blood pressure was due to the long work hours/late night shifts and suggested that he return to an eight-hour daytime position in order to keep his blood pressure under control.

15. On November 1, 2013, Plaintiff met with Lieutenant Norm Rollins and advised him of his need for a medical accommodation.

2

16.  Lieutenant Rollins called the FAMU Equal Opportunity Office and spoke to Sterling Adams. Adams advised that the Plaintiff get a letter from his doctor with the requested medical accommodation.

17.  The same day, Plaintiff was called to Chief Calloway's office to discuss his request. Chief Calloway told him he would not grant the requested medical accommodation because then others who did not like their shift assignments would then go to their doctors for the same type of letter.

18.  Chief Calloway asked Plaintiff to accompany him to the parking lot at which time he said to the Plaintiff "why are you still working anyway?"

19.  Chief Calloway was referring to Plaintiff's age and letting him know that he did not think Plaintiff should work anymore.

20.  Plaintiff was still able to perform all his job duties and was asking for a minor accommodation.

21.  Plaintiff contacted his doctor to ask for the letter detailing the needed medical accommodation. The letter stated that Plaintiff was perfectly capable of performing his job duties, but that he needed to be on a daytime, eight-hour shift.

22.  On November 8, 2013, Plaintiff picked up the letter from the Doctor and dropped off a copy to Chief Calloway and took the original to Adams.

23.  Plaintiff discussed the situation with Adams who said that he would speak with Human Resources and Chief Calloway and get back to him.

24.  Adams called the Plaintiff later the same day and said he would not be able to get an answer before the next week and that Plaintiff should get a doctor's excuse for that week to avoid having to work the scheduled 12 hour work shifts until a

3

decision was made.

25. On November 12, Plaintiff gave Chief Calloway his doctor's letter to excuse him from work through November 15. Calloway advised the Plaintiff that he still would not grant the medical accommodation.

26. On November 13, Plaintiff called Adams who advised him that he was still working on a solution and hoped for a decision soon, but advised Plaintiff not to return to work. Plaintiff told him that he was using up a great deal of his leave time while waiting for the decision on the accommodation. Plaintiff called Adams again on November 21 and was told that Adams was out of the office until Monday.

27. On December 2, 2013, Plaintiff met with Adams at his office and was advised that the University and Police Department would not be able to accommodate him. He did not advise Plaintiff as to why, but strongly suggested that Plaintiff consider retirement.

28. Plaintiff felt after the comments by Chief Calloway and the resistance he was getting from Human Resources that he had no choice but to retire.

29. FAMU would not grant Plaintiff the medical accommodation and he risked stroke or death if he continued to work the twelve-hour night shifts.

30. On December 6, Plaintiff dropped off his notification of retirement to the Police Department and H/R office.

31. After Plaintiff retired he did not receive the standard issue police officer retirement identification card or his retiree firearm. This has been standard issue for every other officer who has retired since Plaintiff's time there.

32. Plaintiff tried to contact FAMU Police Department to see what the reason was for denying him the same benefits as all other retirees and never received an answer.

33. The decision to deny Plaintiff his firearm and his police identification card was based on Plaintiff's race.

34. Chief Calloway made it very clear that he thought Plaintiff was too old to work there and that he was not willing to accommodate Plaintiff's disability..

35. After Plaintiff left, a sergeant from FAMU contacted him to say that Chief Calloway told them he was getting rid of the older officers. This is additional direct evidence of age discrimination.

36. Plaintiff has suffered damages because of Defendant's actions.

37. Plaintiff has had to retain counsel to vindicate his rights in this case and owes a reasonable attorney's fee.


## COUNT I
## FLORIDA CIVIL RIGHTS ACT OF 1992
## CHAPTER 760, FLORIDA STATUTES
## RACE DISCRIMINATION

38. The Plaintiff realleges Paragraphs 1 through 37.

39. The foregoing actions of Defendant constitute discrimination against Plaintiff in violation of the Florida Civil Rights Act of 1992, §§ 760.01-760.11, Fla.Stat.

40. Plaintiff is a member of a protected class within the meaning of applicable law.

41. The disparate treatment and discrimination described herein was based on Plaintiff's race and negatively affected the terms, conditions, and privileges of his employment.

42. Plaintiff has suffered damages because of Defendant's actions.

5

**COUNT II**
**FLORIDA CIVIL RIGHTS ACT OF 1992**
**CHAPTER 760, FLORIDA STATUTES**
**AGE DISCRIMINATION**

43.  The Plaintiff realleges Paragraphs 1 through 37.

44.  The foregoing actions of Defendant constitute discrimination against Plaintiff in violation of the Florida Civil Rights Act of 1992, §§ 760.01-760.11, Fla.Stat.

45.  Plaintiff is a member of a protected class within the meaning of applicable law.

46.  The disparate treatment and discrimination described herein was based on Plaintiff's age and negatively affected the terms, conditions, and privileges of his employment.

47.  Plaintiff has suffered damages because of Defendant's actions.

**COUNT III**
**FLORIDA CIVIL RIGHTS ACT OF 1992**
**CHAPTER 760, FLORIDA STATUTES**
**DISABITLITY DISCRIMINATION**

48.  The Plaintiff realleges Paragraphs 1 through 37.

49.  The foregoing actions of Defendant constitute discrimination against Plaintiff in violation of the Florida Civil Rights Act of 1992, §§ 760.01-760.11, Fla.Stat.

50.  Plaintiff is a member of a protected class within the meaning of applicable law.

51.  The disparate treatment and discrimination described herein was based on Plaintiff's disability, record of disability, or perceived disability, and negatively affected the terms, conditions, and privileges of his employment.

52.  Plaintiff has suffered damages because of Defendant's actions.

6

## COUNT IV
## FLORIDA CIVIL RIGHTS ACT OF 1992
## CHAPTER 760, FLORIDA STATUTES
## DISABILITY RETALIATION

53.    The Plaintiff realleges Paragraphs 1 through 37.

54.    The foregoing actions of Defendant constitute retaliation against Plaintiff in violation of the Florida Civil Rights Act of 1992, §§ 760.01-760.11, Fla.Stat.

55.    Plaintiff engaged in protected activity by seeking disability accommodations and is therefore a member of a protected class within the meaning of applicable law.

56.    Plaintiff was constructively discharged due to his protected activity.

57.    Plaintiff has suffered damages because of Defendant's actions.


## COUNT V
## TITLE VII 42 U.S.C. §2000e, et Seq and 42 U.S.C. §1981a,
## RACE DISCRIMINATION

58.    The Plaintiff realleges paragraphs 1 through 37.

59.    Plaintiff is a member of a protected class under Title VII.

60.    The aforementioned actions of the Defendant constitute discrimination in violation of Title VII.

61.    Plaintiff suffered an adverse employment action.

62.    The adverse employment action was a result of discrimination based on Plaintiff's race.

63.    Plaintiff has suffered damages because of Defendant's actions.

7

### COUNT VI
### AMERICANS WITH DISABILITIES ACT
### 42 U.S.C. § 12101
### DISCRIMINATION
### (Equitable Relief Only)

64.     The Plaintiff realleges Paragraphs 1 through 37.

65.     The foregoing actions of Defendant constitute discrimination against Plaintiff in

        violation American with Disabilities Act, 42 U.S.C. §12101.

66.     Plaintiff is a qualified person with a disability within the meaning of the ADA.

67.     The disparate treatment and discrimination described herein was based on

        Plaintiff's actual, perceived, or record of disability and negatively affected the

        terms, conditions, and privileges of his employment.

68.     Plaintiff is seeking prospective equitable relief, not monetary damages.

### COUNT VI I
### AMERICAN WITH DISABILITIES ACT
### 42 U.S.C. § 12101
### RETALIATION
### (Equitable Relief Only)

69.     The Plaintiff realleges Paragraphs 1 through 37.

70.     The foregoing actions of Defendant constitute retaliation against Plaintiff in

        violation of the American with Disabilities Act, 42 U.S.C. § 12101.

71.     Plaintiff engaged in protected activity and is therefore a member of a protected

        class within the meaning of applicable law.

72.     Plaintiff was constructively discharged due to his protected activity.

73.     Plaintiff is seeking prospective equitable relief, not monetary damages.

8

## COUNT VIII
### AGE DISCRIMINATION IN EMPLOYMENT ACT
### DISPARATE TREATMENT
### 29 U.S.C. § 621- 634
### (Equitable Relief Only)

74.   The Plaintiff realleges Paragraphs 1 through 37.

75.   The foregoing actions of Defendant constitute disparate treatment against Plaintiff

      in violation of the Age Discrimination in Employment Act, 29 U.S.C. § 621- 634.

76.   The Defendant constructively discharged the Plaintiff.

77.   Plaintiff is over 40 years of age at the time he was constructively discharged.

78.   The Defendant constructively discharged the plaintiff because of his age

79.   Plaintiff has suffered damages because of Defendant's Actions.


## COUNT IX
### The FLORIDA HEART BILL
### §112.18, FLORIDA STATUTES

80.   The Plaintiff realleges Paragraphs 1-37.

81.   The Plaintiff was a police officer as defined in Chapter 112, Florida Statutes.

82.   Plaintiff had a protected condition (hypertension).

83.   Plaintiff had passed a pre-employment physical.

84.   Plaintiff was partially disabled due to his protected condition.

85.   Defendant constructively discharged Plaintiff because of his disability.

86.   Plaintiff has suffered damages because of Defendant's actions.

9

## COUNT X
### FEDERAL REHABILITATION ACT–SECTION 504
### 29 U.S.C. § 701
### RETALIATION

87.   Plaintiff realleges Paragraphs 1 through 37.

88.   The forgoing actions of Defendant constitute retaliation against Plaintiff in violation of the Federal Rehabilitation Act, 29 U.S.C. §701.

89.   Plaintiff was constructively terminated from his employment based solely on his disability.

90.   Plaintiff has suffered damages because of Defendant's actions.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for the following relief:

(a) that process issue and this Court take jurisdiction over this case;

(b) judgment against Defendant and for Plaintiff awarding compensatory damages for the Defendant's violations of law enumerated herein;

(c) judgment against Defendant and for Plaintiff, affording declaratory relief, and permanently enjoining Defendant from future violations of law enumerated herein and reinstatement for the Plaintiff, remedying all benefits of which Plaintiff has been unlawfully deprived;

(d) prejudgment interest;

(e) judgment against Defendant and for Plaintiff awarding Plaintiff his attorneys' fees and costs;

(f) all equitable relief that is allowed by law;

(g) such other and further relief as is appropriate.

10

### Jury Demand

Plaintiff demands trial by jury on all issues so triable.

Dated this 13th day of April 2015.

> /s/ Melissa Horwitz
> Melissa Horwitz, Bar No 017333
> Richard E. Johnson, Bar No 858323
> LAW OFFICE OF RICHARD E. JOHNSON
> 314 West Jefferson Street
> Tallahassee, Florida 32301
> Telephone:  (850) 425-1997
> Facsimile:  (850) 561-0836

11

# Exhibit B

to

**DEFENDANTS' NOTICE OF REMOVAL**

# Summonses

STANLEY SNEAD v. FLORIDA AGRICULTURAL AND MECHANICAL UNIVERSITY
BOARD OF TRUSTEES
USDC CASE NO:   4:15-CV-325

Filing # 27892393 E-Filed 05/31/2015 06:53:01 AM

IN THE _Circuit_ COURT OF THE SECOND JUDICIAL CIRCUIT
IN AND FOR LEON COUNTY, STATE OF FLORIDA

_Stanley Sned_ ,
    Plaintiff/Petitioner,

Case No.: _2015 CA 000835_

vs.

_Florida A&M University BOT_,
    Defendant/Respondent.

CERTIFIED PROCESS SERVER # _052_
SECOND JUDICIAL CIRCUIT COURT OF FLORIDA
DATE SERVED _6-8-15_ TIME _12:33_

**SUMMONS: PERSONAL SERVICE ON AN INDIVIDUAL**
**ORDEN DE COMPARECENCIA: SERVICIO PERSONAL EN UN INDIVIDUO**
**CITATION: L'ASSIGNATION PERSONAL SUR UN INDIVIDUEL**

TO/PARA/A: _{enter other party's full legal name}_ _Chair Solomon L. Badger III Ed.D._
_{address(including city and state)/location for service}_ _Board of Trustees, FAMU_
_1601 S. Martin Luther King Blvd 400 Lee Hall, Tallahassee Fl 32307_

**IMPORTANT**

    A lawsuit has been filed against you. You have **20 calendar days**[1] after this summons is served on you to file a written response to the attached complaint/petition with the clerk of this circuit court, located at, 301 South Monroe Street, Tallahassee, FL 32301. A phone call will not protect you. Your written response, including the case number given above and the names of the parties, must be **filed** if you want the Court to hear your side of the case.

    **If you do not file your written response on time, you may lose the case, and your wages, money, and property may be taken thereafter without further warning from the Court.** There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone book).

    If you choose to file a written response yourself, at the same time you file your written response to the Court, you must also mail or take a copy of your written response to the party serving this summons at: _{Name and address of party serving summons}_ _Melissa Horwitz_
_Law Office Of Richard E. Johnson, 314 W. Jefferson St, Tallahassee_
_FL 32301_

---

[1] Rule 1.140(a), Florida Rules of Civil Procedure, provides: (2) (A) Except when sued pursuant to FS 768.28, the state of Florida, an agency of the state, or an officer or employee of the state sued in an official capacity shall serve an answer to the complaint or crossclaim, or a reply to a counterclaim, within **40 days** after service; (B) When sued pursuant to FS 768.28, the Department of Financial Services or the defendant state agency shall have **30 days** from the date of service within which to serve an answer to the complaint or crossclaim or a reply to a counterclaim.

RECEIVED

JUN 08 2015

Office of the General Counsel
Florida A&M University

Rev. 6/15/2009

Page 1 of 3

**Copies of all court documents in this case, including orders, are available at the Clerk of the Circuit Court's office. You may review these documents, upon request. You must keep the Clerk of the Circuit Court's office notified of your current address. Future papers in this lawsuit will be mailed to the address on record at the clerk's office.**

## IMPORTANTE

Usted ha sido demandado legalmente. Tiene veinte (20) dias, contados a partir del recibo de esta notificacion, para contestar la demanda adjunta, por escrito, y presentarla ante este tribunal. Localizado en: 301 South Monroe Street, Tallahassee, FL 32301.  Una llamada telefonica no lo protegera. Si usted desea que el tribunal considere su defensa, debe presentar su respuesta por escrito, incluyendo el numero del caso y los nombres de las partes interesadas. Si usted no contesta la demanda a tiempo, pudiese perder el caso y podria ser despojado de sus ingresos y propiedades, o privado de sus derechos, sin previo aviso del tribunal. Existen otros requisitos legales. Si lo desea, usted puede consultar a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a una de las oficinas de asistencia legal que aparecen en la guia telefonica.

Si desea responder a la demanda por su cuenta, al mismo tiempo en que presente su respuesta ante el tribunal, usted debe enviar por correo o entregar una copia de su respuesta a la persona denominada abajo.

Si usted elige presentar personalmente una respuesta por escrito, en el mismo momento que usted presente su respuesta por escrito al Tribunal, usted debe enviar por correo o llevar una copia de su respuesta por escrito a la parte entregando esta orden de comparencencia a:  Nombre y direccion de la parte que entrega la orden de comparencencia: _____

_____

**Copias de todos los documentos judiciales de este caso, incluyendo las ordenes, estan disponibles en la oficina del Secretario de Juzgado del Circuito [Clerk of the Circuit Court's office]. Estos documentos pueden ser revisados a su solicitud. Usted debe de manener informada a la oficina del Secretario de Juzgado del Circuito de su direccion actual. Los papelos que se presenten en el futuro en esta demanda judicial seran env ados por correo a la direccion que este registrada en la oficina del Secretario.**

## IMPORTANT

Des poursuites judiciaries ont ete entreprises contre vous. Vous avez 20 jours consecutifs a partir de la date de l'assignation de cette citation pour deposer une reponse ecrite a la plainte ci-jointe aupres de ce tribunal. Qui se trouve a: {L'Adresse} 301 South Monroe Street, Tallahassee, FL 32301. Un simple coup de telephone est insuffisant pour vous proteger; vous etes obliges de deposer votre reponse ecrite, avec mention du numero de dossier ci-dessus et du nom des parties nommees ici, si vous souhaitez que le tribunal entende votre cause.

Si vous ne deposez pas votre reponse ecrite dans le delai requis, vous risquez de perdre la cause ainsi que votre salaire, votre argent, et vos biens peuvent etre saisis par la suite, sans aucun preavis ulterieur du tribunal. Il y a d'autres obligations juridiques et vous pouvez requerir les

services immediats d'un avocat. Si vous ne connaissez pas d'avocat, vous pourriez telephoner a un service de reference d'avocats ou a un bureau d'assistance juridique (figurant a l'annuaire de telephones).

Si vous choisissez de deposer vous-meme une reponse ecrite, il vous faudra egalement, en meme temps que cette formalite, faire parvenir ou expedier une copie au carbone ou une photocopie de votre reponse ecrite a la partie qui vous depose cette citation. Nom et adresse de la partie qui depose cette citation: _____

_____

**Les photocopies de tous les documents tribunals de cette cause, y compris des arrets, sont disponible au bureau du greffier. Vous pouvez revue ces documents, sur demande. Il faut aviser le greffier de votre adresse actuelle. Les documents de l'avenir de ce proces seront envoyer a l' adresse que vous donnez au bureau du greffier.**

THE STATE OF FLORIDA
TO EACH SHERIFF OF THE STATE:

You are commanded to serve this summons and a copy of the complaint in this lawsuit on the above-named person.

DATED: ___6/2/2015_____

(SEAL)

BOB INZER
CLERK OF THE CIRCUIT COURT

By: _Debra Beach_____
        Deputy Clerk

# Exhibit C

### to
### DEFENDANTS' NOTICE OF REMOVAL

# Notice of Appearance on behalf of the Defendant by Henry Buchanan, P.A.

STANLEY SNEAD v. FLORIDA AGRICULTURAL AND MECHANICAL UNIVERSITY
BOARD OF TRUSTEES
USDC CASE NO:   4:15 - CV - 325

Filing # 28665458 E-Filed 06/18/2015 03:13:09 PM

IN THE CIRCUIT COURT OF THE SECOND JUDICIAL CIRCUIT
IN AND FOR LEON COUNTY, FLORIDA

STANLEY SNEAD,

      **Plaintiff,**

                                                   CASE NO. 2015-CA-000835

v.

FLORIDA AGRICULTURAL
& MECHANICAL UNIVERSITY
BOARD OF TRUSTEES,

      **Defendant.**

_____/

## NOTICE OF APPEARANCE

PLEASE TAKE NOTICE that the undersigned hereby notices the appearance of Henry Buchanan, P.A., and its attorneys, J. Steven Carter and Joseph V. Gardner on behalf of Defendant, FLORIDA AGRICULTURAL & MECHANICAL UNIVERSITY BOARD OF TRUSTEES. The undersigned respectfully requests inclusion with the party's service list respective to this cause.

Dated this 18th day of June, 2015.

                HENRY BUCHANAN, P.A.


                *s/Joseph V. Gardner*
                J. STEVEN CARTER
                Florida Bar No. 896152
                scarter@henryblaw.com
                JOSEPH V. GARDNER
                Florida Bar No. 111987
                jgardner@henryblaw.com
                Post Office Drawer 14079
                Tallahassee, Florida 32317-4079
                (850) 222-2920: Telephone
                (850) 224-0034: Facsimile
                Attorneys for Defendant

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing has been electronically filed via the State of Florida E-filing Portal, which automatically provides electronic documentation/notification of this filing to all attorneys of record, on this the 18th day of June, 2015.

_s/Joseph V. Gardner_____<br>Attorney